IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CARIS MPI, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-3038-L** |
| | § | |
| **JEFFREY A. FIELD and** | § | |
| **FOUNDATION MEDICINE, INC.,** | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

The court *sua sponte* raises the issue as to whether it has subject matter jurisdiction over this action. After a careful review of the record, the court determines that it **lacks** subject matter jurisdiction over this action and **remands** the action to the 191st Judicial District Court, Dallas County, Texas.

**I.     Background**

Caris MPI, Inc. ("Plaintiff" or "Caris") originally filed this action against Jeffrey A. Field ("Field") and Foundation Medicine, Inc. ("Foundation") (collectively, "Defendants") on July 13, 2012, in the 191st Judicial District Court, Dallas County, Texas. On August 20, 2012, Defendants removed this action to federal court on the bases that complete diversity exists between the parties and that the amount in controversy, exclusive of interest and costs, exceeds $75,000. Defendants' contention that complete diversity exists between the parties is incorrect, as the record reflects otherwise. Because the court remands for lack of complete diversity between the parties, it does not discuss the amount-in-controversy component.

**Memorandum Opinion and Order - Page 1**

**II.     Analysis**

     **A.     Diversity of Citizenship**

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)), *cert. denied*, 541 U.S. 1073 (2004). "[T]he

basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)).  Failure to allege adequately the basis of diversity "mandates remand or dismissal of the action." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).  A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted).  Such failure, however, is a procedural defect and may be cured by filing an amended notice.  *Id.* n.4.

A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely.  *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985).  A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

### B.     Discussion

In their Notice of Removal ("Notice"), Defendants assert that Caris "is a citizen of Texas, as its principal place of business is in Texas," and that "Foundation is a citizen of Massachusetts, as its principal place of business is in Massachusetts." Defs'. Not. of Removal 2, ¶ 4. These statements are correct insofar as they go; however, the statements do not tell the whole story. In addition to being a citizen of the state where it has its principal place of business, a corporation is also a citizen of each state in which it is incorporated. 28 U.S.C. § 1332(c)(1). Caris and Foundation are both incorporated in the state of Delaware. Pl.'s Original Pet. 1-2, ¶¶ 2, 4. Defendants did not set forth Caris's or Foundation's state of incorporation, and they did not contest or dispute Plaintiff's allegations regarding the state of incorporation for Caris or Foundation.[*] Because Caris and Foundation are both citizens of Delaware, their state of incorporation, complete diversity is lacking. Accordingly, this court lacks subject matter jurisdiction to hear this action.

## III.    Conclusion

For the reasons herein stated, the court **lacks** subject matter jurisdiction over this action. Accordingly, the court, pursuant to 28 U.S.C. § 1447(c), **remands** this action to the 191st Judicial District Court, Dallas County, Texas. The clerk of the court shall effect this remand in accordance with the usual procedure.

---

[*] Fields is a citizen of Georgia; however, his citizenship is not a factor that the court need consider in reaching its decision.

**It is so ordered** this 23rd day of August, 2012.

                                                Sam A. Lindsay
                                                United States District Judge